IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODETRICK LAMONT GODFREY,<br>    Plaintiff,<br><br>v.<br><br>COREY DAVIS, *et al.*,<br>    Defendants. | )<br>)<br>)  Civil Action No. 7:22-cv-00607<br>)<br>)  By: Elizabeth K. Dillon<br>)      United States District Judge<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rodetrick Lamont Godfrey, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. His complaint, which names fourteen different defendants (including one Jane Doe and four John Does) and includes a variety of allegations, is before the court for review pursuant to 28 U.S.C. § 1915A.

Upon review of the complaint, it is plain that it contains unrelated claims against different defendants, in violation of Federal Rules of Civil Procedure 18 and 20. In particular, some of the incidents giving rise to some of his claims occurred at Lawrenceville Correctional Center ("LCC"), which is in Brunswick County, within the boundaries of the Eastern District of Virginia. 28 U.S.C. § 127(a). Other events occurred while he was housed at Red Onion State Prison ("Red Onion"), which is within the boundaries of this court. (*See* Compl. 1, Dkt. No. 1.) Because of the misjoinder, the court will exercise its authority to sever his claims into two lawsuits. And because the claims that will remain in this lawsuit occurred at LCC, the court will transfer this case to the Eastern District of Virginia

I. BACKGROUND

In general terms, Godfrey alleges that officers and others at LCC, which is a Level 3 security prison, engaged in numerous acts of retaliation against Godfrey because he had filed informal complaints against officers. Then, on April 9, 2022, he was directed to speak with a

captain in his office. Because Godfrey was afraid he would be beaten by prison guards, he refused to do. Ten minutes later, he was handcuffed and escorted to segregation. (*Id.* at 9–10.)

Within twelve hours, he was on a bus to Red Onion, which he describes as a "super max" prison. (*Id.* at 10.) He claims that this emergency transfer occurred for no legitimate reason, that he did not sign any papers, was not given a reason for the transfer, and was not given any hearing. He refers to these failures as violations of due process. (*Id.*)

After his arrival at Red Onion, he was immediately sent to long-term segregation. He was kept there for months before he learned why he had been transferred or placed in long-term segregation. At that time, he learned that he was under investigation for allegedly trying to escape. (*Id.* at 11.) He believes that all of the persons at LCC brought that charge and approved the emergency transfer to retaliate against him for his earlier complaints. (*Id.* at 3.)

For example, he accuses defendant Whitfield of threatening him, and he alleges that Doe defendants, Adams, Walker, and Vanderpool fired him from jobs without reasons. He also refers to other persons at LCC (some of the Doe defendants, Parker, Vanderpool, Robinson, and Ford) as playing a "direct role" in his false imprisonment when they violated policies to transfer him to Red Onion. (*Id.* at 4.)

Godfrey's complaint also challenges different aspects of his confinement at Red Onion. These include an allegation that he was sprayed with mace and assaulted by numerous prison guards and was ordered restrained during an alleged psychotic episode. (*Id.* at 14–15.) He further alleges that certain defendants at Red Onion kept him in long-term segregation even though they knew that another inmate had confessed to the crime that apparently was the basis for Godfrey's placement in segregation. Despite multiple requests, moreover, those defendants have refused to transfer him to a lower-security facility.

Godfrey's complaint refers to two different sets of claims. (*Compare id.* at 3–4 *with id.* at 15–16.) Based on the entirety of the complaint, the court construes Godfrey's complaint as asserting three groups of claims.[1] The first group alleges that actions of various persons at LCC (defendants Davis, Jane Doe, John Doe 1 (LCC's Assistant Warden), John Doe 2 (LCC's Warden), Vanderpool, Robinson, and Ford) violated his Fourth, Eighth, and Fourteenth Amendment rights, and that these defendants also are liable for negligence, false imprisonment, and intentional infliction of emotional distress.[2] These claims are based on defendants' transferring Godfrey without any proof he did anything, denying due process rights before the transfer, and trying to cover up the failure to provide due process. (*Id.* at 15, 16.)

In his second group of claims, Godfrey alleges that defendants John Doe 3 (Unit Manager at Red Onion), White, King, Fuller, and Haynes, who were at Red Onion, violated his Fourteenth Amendment right to due process by leaving him in segregation after another inmate had "confessed to the crime" and for failing to give him a hearing or the right to question his accuser. (*Id.* at 15.) He claims that they also committed the tort of intentional infliction of emotional distress.

Third, he states that defendant McCown violated his Eighth Amendments rights and committed the torts of negligence and intentional infliction of emotional distress by "ordering the use of physical force against him" without need or provocation and by failing to prevent the misuse of force. (*Id.* at 16.) This is also based on events at Red Onion.

---

[1] Godfrey includes other allegations in his complaint, but he does not specifically list them as part of his claims, such as allegations about not being given his property. In the portion of the case this court is retaining, and if Godfrey consents to collection of the filing fee, the court will direct him to file an amended complaint. If he wants to include additional claims based on other allegations against the same Red Onion defendants, he may assert them in his amended complaint.

[2] Although Godfrey lists the "intentional infliction of emotional distress" claim in a separate paragraph, it is brought in conjunction with his other claims against the defendants and names all of the defendants. (Compl. 16.)

## II.  DISCUSSSION

Godfrey's complaint contains misjoined claims, because it asserts unrelated claims against different defendants, in violation of Federal Rules of Civil Procedure 18 and 20.  A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, *and* contain a question of fact or law common to all the defendants.  Fed. R. Civ. P. 20(a)(2).  Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper.  *Riddick v. Dep't of Corr.*, No. 7:17CV00268, 2017 WL 6599007, at *1 (W.D. Va. Dec. 26, 2017).

Even if all of the claims were properly joined, moreover, allowing all of Godfrey's claims to proceed in a single suit would make that lawsuit unwieldy and inefficient.  It also would effectively allow Godfrey to challenge in a single omnibus suit various discrete events involving different defendants and occurring at different facilities, in violation of the purposes of the Prison Litigation Reform Act ("PLRA").

Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately.  Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. of Conn. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties.").  Use of Rule 21 has been approved by circuit courts in the context of initial review of prisoner complaints, with and without misjoinder. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and *sua sponte* dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

4

Accordingly, the court will exercise its discretion to sever Godfrey's claims into two separate lawsuits, in order to promote judicial efficiency, ensure that the claims can be addressed in an orderly fashion, and to comport with the purposes of the PLRA. It will retain—in a new civil action—the claims against the Red Onion defendants and will transfer to the Eastern District of Virginia all of the claims arising from events that occurred at LCC.

### III. CONCLUSION AND ORDER

In accordance with the above, it is hereby ORDERED as follows:

1. Godfrey's claims are SEVERED into two cases. This case (Civil Action No. 7:22-cv-607) shall consist of his allegations against all LCC defendants, including his claims as alleged in paragraph 49. They primarily assert that those defendants denied him due process and improperly transferred him to Red Onion in retaliation for his prior complaints against LCC officers. The Clerk is DIRECTED to TERMINATE as defendants the following persons to this case: Paul Haymes, Christopher B. King, Shannon D. Fuller, Penny R. McCown, John Doe 3, who is the Unit Manager for long-term segregation at Red Onion, Rick White, and John Doe 4, who was employed as the Western Regional Ombudsman.

2. Moreover, because the events at LCC occurred within the Eastern District of Virginia, the court finds it appropriate to transfer this case there. Thus, it is further ORDERED that this case shall be transferred to the United States District Court for the Eastern District of Virginia. The Clerk is DIRECTED to transfer all pleadings filed in this case and a copy of the docket sheet to the Clerk of the Eastern District.

3. As to the remaining claims in Godfrey's complaint, which arose after his transfer to Red Onion, the factual allegations underlying those claims occurred within the geographical boundaries of this court and will be handled in a separate action.

Therefore, the Clerk is DIRECTED to open a new civil case and to docket in the new case Godfrey's current complaint (Dkt. No. 1) and this order as an attachment to the complaint. The defendants to the new case shall be all of the defendants terminated from this case and listed in paragraph 1 above.

4. The Clerk is further DIRECTED to docket in the new action Godfrey's statement of assets and prisoner trust account from this case (Dkt. No. 2). By separate order, the court will conditionally file the case and will send Godfrey a consent-to-fee form for the new case. If Godfrey chooses to proceed with the claims in the new, separate lawsuit, then he will be required to return the consent-to-fee form. Once he does so, the court will separately direct him to file an amended complaint containing only those claims based on events that occurred at Red Onion. Alternatively, if Godfrey does not want to pursue the claims that arose at Red Onion, he may move to voluntarily dismiss the new lawsuit.

The Clerk is DIRECTED to provide a copy of this order to Godfrey and to the United States District Court for the Eastern District of Virginia as directed in paragraph 2. The Clerk also shall send Godfrey a copy of the docket sheet in the new civil action.

Entered: June 22, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge